UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARBEL ELKHOUEIRY,**

        **Plaintiff,**          Case No.:  2:08-cv-1143
                                       JUDGE SMITH
                                       Magistrate Judge Deavers

v.

**LARRY N. SCHROEDER,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Gainey Transportation Services, Inc.'s Motion to Dismiss (Doc. 25).  Plaintiff Charbel Elkhoueiry initiated this action against Defendants alleging negligence and intentional tort resulting from a motor vehicle accident.  Defendant Gainey Transportation Services moves to bar Plaintiff's claims by enforcing the September 25, 2009 Order issued by the United States Bankruptcy Court of the Western District of Ohio.  Plaintiff has failed to respond to Defendant's Motion and this matter is now ripe for review.  For the reasons that follow, Defendant Gainey's Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff Charbel Elkhoueiry is a resident of California.  Defendant Gainey Transportation Services, Inc. is a Michigan Corporation whose principle place of business is Michigan.

On August 21, 2006, in Columbus, Ohio, Defendants Larry N. Schroeder and Susan L. Schroeder were operating a tractor trailer and hit a vehicle owned and operated by Plaintiff.  This accident caused Plaintiff physical injury, pain, lost income, and medical expenses.  Defendant Gainey Transportation Services, Inc. was thought liable because Defendants Larry N. Schroeder

and Susan L. Schroeder were in an agency and employment relationship with Gainey Transportation Services, Inc.

Plaintiff filed her Complaint on August 7, 2008.  Defendant Gainey Transportation Services, Inc. answered on  September 15, 2008, and filed a Motion to Change Venue to the Southern District of Ohio on October 13, 2008.  This Motion was granted on November 07, 2008.  On December 15, 2008, Defendant Gainey Transportation Services, Inc. filed a Notice of Bankruptcy and Suggestion of Stay.  On February 11, 2010, there was a status conference held in which only Defendant Gainey Transportation Services, Inc. was present.  On March 15, 2010, Defendant Gainey Transportation Services, Inc. filed a Motion to Dismiss with responses due by April 8, 2010.  On March 23, 2010, Plaintiff was notified that if no showing of good cause for failing to serve remaining Defendants was made by April 8, 2010, the Court would dismiss the claims against those Defendants.  These unserved Defendants included all other named Defendants apart from Defendant Gainey Transportation Services, Inc.  Plaintiff did not file a showing of good cause, nor did she respond to Defendant Gainey Transportation Services, Inc.'s Motion to Dismiss by April 8, 2010.  By April 27, 2010, the claims against all other defendants, except Defendant Gainey Transportation Services, Inc., had been dismissed.

On October 14, 2008, Gainey Corporation, *et al.*, which includes Defendant Gainey Transportation Services, Inc., petitioned for Chapter 11 bankruptcy in the Western District of Michigan.  Defendant Gainey Transportation Services, Inc. filed a Fourth Omnibus Objection to Claims during its bankruptcy proceeding.  Plaintiff was given notice and opportunity to be heard at a September 8, 2009 hearing and did not attend.  Plaintiff also failed to meet the deadline to file a motion for allowance of a late-filed proof of claim.  Gainey Corporation, *et al.*'s objection to

2

claims pursuant to 11 U.S.C. §§ 105, 502(b) and Bankruptcy Rule 3007 was granted on September 25, 2009.  This Forth Omnibus Objection to Claims bars unfiled claims against Gainey Corporation, *et al.*, including those of Plaintiff against Defendant Gainey Transportation Services, Inc.

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods.*, 705 F.2d at 155.  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Rule 12 (b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990).  The moving party is entitled to relief only when the complaint fails to meet this liberal standard.  *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007)[1].  A plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).  The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.  *Id.* at 556.  To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.* at 562. And the claim must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), clarified *Twombly's* plausibility standard:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

---

[1] In this case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 550 U.S. at 555 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

4

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw in its judicial experience and common sense.  490 F.3d at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Pro. 8(a)(2).

*Id.*, at 1949-50.

### III.  DISCUSSION

Defendant Gainey Transportation Services, Inc. moves to dismiss Plaintiff's claims against it, asserting that Plaintiff's claims are barred by the September 25, 2009 Order issued by the United States Bankruptcy Court for the Western District of Michigan.  Plaintiff was given notice and opportunity to be heard at a September 8, 2009 hearing in Defendant Gainey Transportation Services, Inc.'s bankruptcy proceedings, but failed to attend.  Nor did Plaintiff file a proof of claim.  Defendant Gainey Transportation Services, Inc's  bankruptcy action was finalized on September 25, 2009.  Pursuant to 11 U.S.C. §§ 105 and 502(b) and Bankruptcy Rule 3007, because Plaintiff did not respond to any of Defendant Gainey Transportation Services, Inc.'s bankruptcy notices, nor file a proof of claim, the Order issued by the United States Bankruptcy Court for the Western District of Michigan bars the Plaintiff's claims.

The First Circuit faced a similar situation in *Rederford v. US Airways, Inc.*, 589 F.3d 30 (2009).  In *Rederford*, the First Circuit upheld the district court's dismissal of a claim that was barred by a bankruptcy court's earlier order disallowing the claim.  Based on the aforementioned bankruptcy law and *Rederford*, Plaintiff's claims in this case are barred by the Bankruptcy Court's

5

September 25, 2009 Order disallowing her claims.

## IV.   CONCLUSION

Based on the aforementioned discussion, Defendant Gainey Transportation Services, Inc.'s Motion to Dismiss is **GRANTED**.  Accordingly, Defendant Gainey Transportation Services, Inc. is dismissed from the case.

The Clerk shall remove Document 25 from the Court's pending motions list

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**